**Philip KILPATRICK, Plaintiff,**

**v.**

**MARTIN K. EBY CONSTRUCTION CO., INC., Defendant.**

**CV No. 89–HM–0434–J.**

United States District Court,
N.D. Alabama,
Jasper Division.

March 21, 1989.

**1242**

James King, Wilson & King, Jasper, Ala., for plaintiff.

Clarence M. Small, Jr., Rives & Peterson, Birmingham, Ala., for defendant.

## MEMORANDUM OF DECISION

HALTOM, District Judge.

The above entitled civil action was commenced on February 10, 1989 by plaintiff Philip Kilpatrick against defendant Martin E. Eby Construction Co., Inc. in the Circuit Court of Walker County, Alabama and was thereafter removed by the corporate defendant to this United States District Court by

the filing herein of *NOTICE OF REMOVAL* on March 15, 1989[1] on the basis of diversity of citizenship and amount in controversy [28 U.S.C. §§ 1332; 1441; 1446].

The above entitled civil action is now before the Court sua sponte for initial review, including the issue of whether the case was properly removed from the state court to this federal district court.[2]

While the requisite diversity of citizenship requirement appears to be satisfied, the state court complaint does not demand judgment in specified dollar amount nor does it otherwise show the amount in controversy. Defendant has chosen the medium of an allegation in its Notice of Removal to establish this additional requirement. Paragraph 4 of the Notice of Removal alleges: "*The amount in controversy in this action exceeds the sum of $10,000.00, exclusive of interest and costs.*"

■ The amount in controversy is generally determined on the basis of the record existing at the time the petition for removal (now notice of removal) is filed. This means that the federal court must attempt to determine the amount involved in the cause of action set out in plaintiff's state court complaint. However, since plaintiff cannot prevent removal by concealment or fraudulent allegations, district courts [to guard against these possibilities] often also will consider the petition for removal when the amount in controversy is not apparent from the face of the complaint. 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3725, pp. 417–18 (1985). With certain foreknowledge that counsel of record for plaintiff would wholeheartedly concur with the analysis of counsel of record for defendant contained in ¶ 4 of the Notice of Removal that "[t]he amount in controversy in this action exceeds the sum of $10,000.00, exclusive of interest and costs," the Court concludes and holds that amount in controversy re-

---

1. There is no allegation or showing in the *Notice of Removal* concerning the date on which service of process in the state court action was effected upon defendant. However, this Court has independently established the service-of-process date to be February 14, 1989.

2. 28 U.S.C. § 1446(c)(4) requires the district court to which an action is removed to promptly examine the petition for removal and any exhibits annexed thereto to determine whether removal to federal court is appropriate.

quirement has been met, albeit not technically.

### [28 U.S.C. § 1445.
### Nonremovable actions]

28 U.S.C. § 1445(c) provides:

(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

■ Since *Count One* of plaintiff's state court complaint is an action by an employee (plaintiff) against his employer (defendant) for workmen's compensation benefits under the Alabama Workmen's Compensation Law, it is clear and certain that Count One is a civil action brought in state court arising under Alabama's Workmen's Compensation laws *which may not be removed under 28 U.S.C. § 1445(c).*

*Count Two* of plaintiff's state court complaint is an action for retaliatory discharge asserted pursuant to § 25–5–11.1, Code of Alabama 1975, a part of Alabama's Workmen's Compensation Act, and essentially alleges that he was wrongfully discharged by the defendant because he sought to recover Workmen's Compensation benefits for an injury which, he alleges, he received while he was employed by the defendant.

Section 25–5–11.1, Code of Alabama 1975, provides:

**Employee not to be terminated solely for action to recover benefits nor for filing notice of safety rule violation.**

No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of section 25–5–11. (Acts 1984, 2nd Ex.Sess., No. 85–41, p. 44, § 11.)

The act which added this section became effective February 1, 1985.

In *Caraway v. Franklin Ferguson Mfg. Co.*, 507 So.2d 925 (Ala.1987), the Supreme Court of Alabama held that although § 25–5–11.1 omits specific reference to damages for violation of its provisions, damages can be awarded in accordance with the general law of torts ["The clear intent of the legislature in enacting § 25–5–11.1 was to prohibit the dismissal of an employee merely because that employee claimed Workmen's Compensation benefits or filed a written notice of a safety violation by the employer." *Id.* at 926].

■ Plaintiff's Count Two retaliatory discharge claim is not an independent tort action judicially created. See *Smith v. Union Carbide Corp.*, 664 F.Supp. 290 (E.D. Tenn.1987). Prior to the enactment of this particular portion of Alabama's Workmen's Compensation Act, the Supreme Court of Alabama held that an employee at will could not successfully sue his former employer for dismissing him because he filed a workmen's compensation claim. *Meeks v. Opp Cotton Mills, Inc.*, 459 So.2d 814 (Ala. 1984). Moreover, the applicability of this Alabama statutory claim of retaliatory discharge is expressly limited:

No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits *under this chapter* .... (emphasis added)

The words *"under this chapter"* plainly and clearly refer to chapter 5, Workmen's Compensation Act, §§ 25–5–1 through 25–5–231, Code of Alabama 1975. Furthermore, a reading of Count Two shows that the claim for relief therein asserted is not premised on any theory except the § 25–5–11.1 violation. Specifically, no federal law is implicated in any way. The conclusion is inescapable that plaintiff's Count Two claim for relief or cause of action for retaliatory discharge "arises under" Alabama's Workmen's Compensation Act and is therefore barred by federal statute from removal to federal court. 28 U.S.C. § 1445(c). See *Alexander v. Westinghouse Hittman Nuclear, Inc.*, 612 F.Supp. 1118 (D.C.Ill.1985); *Roberts v. Citicorp Diners Club, Inc.*, 597 F.Supp. 311, 311–15 (D.C.Md.1984); *Thomas v. Kroger*

*Co.*, 583 F.Supp. 1031, 1035–37 (S.D.W.Va. 1984).

The right to remove a case from a state to a federal court is purely statutory and therefore is entirely dependent on the will of Congress. While a workmen's compensation suit between citizens of different states and involving an amount in controversy in excess of the sum or value of $10,000, exclusive of interests and costs, may be commenced directly in federal court pursuant to 28 U.S.C. § 1332, suits brought under the Workmen's Compensation laws of the state in which the federal court is sitting were made nonremovable in 1958 by § 1445(c). That statute represents a concern for the state's interest in administering their own workmen's compensation laws and limiting the flow of these essentially local disputes into federal courts.[3] 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3729, p. 490 (1985).

For the reasons stated, this action was removed improvidently and without jurisdiction. An appropriate order of remand will therefore be entered.

---

**3.** The statute is limited to cases in which the suit involves the law of the forum.