### Dannie J. PETTAWAY, Plaintiff,

v.

### WAYNE POULTRY COMPANY, A DIVISION OF CONTINENTAL GRAIN COMPANY, and Ray Jordan, Defendants.

Civ. A. No. 92–A–497–N.

United States District Court,
M.D. Alabama, N.D.

May 15, 1992.

Earnestine S. Sapp, Tuskegee, Stewart G. Springer, Birmingham, Ala., for plaintiff.

William K. Hancock, David P. Whiteside, Jr., Birmingham, Ala., for defendants.

## ORDER

ALBRITTON, Judge.

This cause is before the court on a motion to remand filed by the plaintiff, Dannie J. Pettaway ("Pettaway"), on April 23, 1992. For the reasons which follow this court finds that the motion is well taken and is due to be granted.

### I.  FACTS

Prior to October 12, 1990, Pettaway was employed by the Wayne Poultry Co. He alleges that he was injured during the line and scope of his employment. Though not specifically alleged in the complaint, it appears that Pettaway then filed a workmen's compensation claim. Pettaway avers that as a result of filing a claim, the defendants terminated his employment in violation of Ala.Code § 25–5–11.1 (1986).[1]

1. Section 25–5–11.1 states:
   No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of section 25–5–11.

Pettaway filed suit in the Circuit Court of Bullock County, Alabama, claiming that he was fired as a result of his filing a workmen's compensation claim. Defendants removed this case to federal court pursuant to the general removal statute 28 U.S.C. § 1441, alleging diversity of citizenship. Pettaway now asks this court to remand the case back to state court because 28 U.S.C. § 1445(c), prohibits the removal of cases arising under state workmen's compensation laws.

## II. ANALYSIS

The question before this court is whether section 1445(c), which prohibits the removal from state court of actions arising under the workmen's compensation laws of such state, preempts the defendants' ability to remove this case under the general removal statute, section 1441. Section 1445(c) states:

(c) A civil action in any state court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States.

Pettaway argues that this section prevents removal of his case to federal court. The defendants argue, however, that Pettaway's case does not arise under the workmen's compensation laws of Alabama.[2]

Section 25–5–11.1 is found in Title 25 of the *Code of Alabama* entitled "Industrial Relations and Labor" and is part of that Title's Chapter 5 entitled "Workmen's Compensation." This court is in agreement with the court in *Kilpatrick v. Martin K. Eby Construction Co.*, 708 F.Supp. 1241, 1244 (N.D.Ala.1989), which stated that a cause of action claiming retaliatory discharge for filing a claim under the Alabama Workmen's Compensation Act "arises under" the Act. *See also Alexander v. Westinghouse Hittman Nuclear, Inc.*, 612 F.Supp. 1118 (N.D.Ill.1985); *Roberts v. Citicorp Diners Club, Inc.*, 597

F.Supp. 311 (D.Md.1984); *Thomas v. Kroger Co.*, 583 F.Supp. 1031 (S.D.W.Va.1984).

Prior to the enactment of section 25–5–11.1, the state of Alabama did not recognize an employee at will's right to sue his former employer for dismissing him as a result of his filing a workmen's compensation claim. *Meeks v. Opp Cotton Mills, Inc.*, 459 So.2d 814 (Ala.1984). Subsequent to the passage of section 25–5–11.1, the Alabama Supreme Court has allowed recovery of damages for wrongful termination after filing a workmen's compensation claim. *Caraway v. Franklin Ferguson Mfg. Co.*, 507 So.2d 925, 926 (Ala.1987) ("The clear intent of the legislature in enacting § 25–5–11.1 was to prohibit the dismissal of an employee merely because that employee claimed Workmen's Compensation benefits or filed a written notice of a safety violation by the employer.").

In holding Pettaway's claims non-removable, the purposes behind the enactment of § 1445(c) are being enhanced. The first purpose was to stem the flood of workmen's compensation cases being removed to federal court. *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721, 724 (5th Cir. 1974) ("[n]o federal question is involved and no law of the United States is involved in these cases") (citations omitted). The second purpose was to restrict these cases to state court because they involved purely local disputes implicating no federal concerns. *Kilpatrick v. Martin K. Eby Construction Co.*, 708 F.Supp. 1241, 1244 (N.D.Ala.1989). No federal law is implicated in this case arising under state workmen's compensation laws, and accordingly, it must be returned to the state court system.

## III. CONCLUSION

Pettaway's lawsuit arises under the workmen's compensation laws of Alabama, and thus, section 1445(c) bars the defen-

---

**2.** Defendants also argue that there is a "second claim" in plaintiff's complaint which was properly removable regardless of the workmen's compensation issue. Defendants cite to paragraph 9 of the complaint as being the "second claim." Paragraph 9 of the complaint merely alleges that the plaintiff was injured as a proximate result of the defendants' action. This is not a separate claim and this argument is not well taken.

dants from removing it to federal court.[3] Therefore, it is

ORDERED that Pettaway's motion to remand this cause of action to state court is due to be and is hereby GRANTED.

The Clerk is DIRECTED to effectuate the remand.

---

**3.** Although not raised by the plaintiff in his motion, the court notes another ground that would make remand proper. According to the Notice of Remand the plaintiff is a resident citizen of the state of Florida, the defendant Wayne Poultry Co. is incorporated under the laws of Delaware and has its principal place of business in Illinois, and the defendant Jordan is a resident citizen of Alabama. Title 28 U.S.C. § 1441(b) provides that "... Any other such action [other than an action involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Since the defendant Jordan is a resident of Alabama, the plaintiff could have moved to remand on that basis. *See 1A Moore's Federal Practice,* § 0.161[1–3], and the cases cited therein.