Michael E. **KEYSER**

v.

The **KROGER COMPANY.**

No. 4:92–CV–342–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

July 21, 1992.

Robert R. Wightman, Law Office of Robert R. Wightman, Arlington, Tex., for plaintiff.

David McCarley Ellis, Michael Prospero Maslanka, Clark, West, Keller, Butler & Ellis, Dallas, Tex., for defendant.

### ORDER REMANDING TO STATE COURT

MEANS, District Judge.

On June 18, 1992, this Court denied Plaintiff's motion to remand. After reconsidering said motion, this Court is of the opinion that Plaintiff's motion to remand is meritorious and should be GRANTED. It is, therefore, ORDERED that this Court's June 18, 1992 Order is VACATED and the above-styled and numbered cause is REMANDED to the 17th District Court of Tarrant County, Texas.

Plaintiff has alleged that he was wrongfully discharged after filing a claim for a work-related injury pursuant to Tex.Rev. Civ.Stat.Ann. article 8307c.[1] Defendant maintains that article 8307c does not apply to Kroger because it is a non-subscriber to the Texas Worker's Compensation Act. Although Defendant urges this Court to interpret narrowly art. 8307c, this Court believes that article 8307c is a cause of action available to any worker, regardless of whether the employer subscribes to the Texas Worker's Compensation Act.

Federal law governs the construction of removal statutes. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972). A party may not remove any civil action in any state court "arising under the workmen's compensation laws of such State." 28 U.S.C. § 1445(c). In *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091–92 (5th Cir.1991), the Fifth Circuit held that an action under article 8307c is a civil action "arising under" the workers' compensation laws of Texas. The *Jones* court clearly recognized that article 8307c is part of the workers' compensation laws governed by 28 U.S.C. § 1445(c), but not part of the Texas Workers' Compensation Act. In arriving at its conclusion, the court noted that the Texas Legislature enacted article 8307c "to safeguard its workers' compensation scheme." *Jones*, 931 F.2d at 1092. The court then held that "[w]ere workers to refrain from filing claims for benefits or otherwise to refuse to participate in compensation proceedings for fear of retaliation, the legislature's elaborate workers' compensation scheme would be adversely affected." *Jones*, 931 F.2d at 1092 (citing *Thomas v. Kroger Co.*, 583 F.Supp. 1031, 1037 (S.D.W.Va.1984).

Accordingly, because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, this Court shall read section 1445(c) broadly to further that purpose. Accordingly, pursuant to section 1445(c), Plaintiff's civil action under article 8307c arises under the workers' compensation laws of Texas, and is therefore, more appropriate for state court jurisdiction.

SO ORDERED.

---

1. Section 1 of article 8307c provides in pertinent part that:

    No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act.

    Tex.Rev.Civ.Stat.Ann. art. 8307c.