**In re JIM WALTER RESOURCES, Debtor.**

**Bankruptcy No. 89–9738.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 16, 1994.

D. Stichter and M. Crames, for debtor.

Larry Foyle and Bill Thomason, for movant.

## ORDER ON MOTION FOR RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11 case and the matters under consideration are two Motions both of which seek relief from the automatic stay imposed by § 362 of the Bankruptcy Code. The Motions are filed by Billy Ray Ary (Mr. Ary) and Emmanuel McClain (Mr. McClain), both citizens of Alabama and former employees of Jim Walter Resources (Debtor), an affiliate of Hillsborough Holdings Corporation/Walter Industries, Inc., the parent of the Debtor. Both Motions seek relief for "cause" in order to be permitted to continue their civil actions filed before the commencement of this Chapter 11 case, actions which are still pending in the Circuit Court in Jefferson County, Alabama. The law suit of Mr. Ary was filed on August 3, 1988 in which he seeks, in a two count Complaint, compensatory and punitive damages. In Count I Ary contends that he was employed by the Debtor and in the course of his employment he received injuries and, therefore, that the Debtor is liable to him under the Workers' Compensation Act of the State of Alabama. In Count II, Ary contends that he settled his claim with the Debtor, his settlement was approved by the Court and after the settlement he returned to work but on February 17th he was discharged. In addition, Ary contends that due to the outrageous conduct of the Debtor he was harassed and intimidated and, as a result, suffered injuries and damages. In this Count Ary seeks to collect punitive damages.

The Complaint by Mr. McClain was also filed in the same court on May 7, 1989, and sets forth two claims. The claim in Count I

is based on the contention of McClain that in the course of his employment he received injuries to his back, he is entitled to benefits under the Workers' Compensation Act, that he made a demand for the benefits but was refused. In Count II McClain claims that after he received the benefits under the Workers' Compensation Act of the State of Alabama, he made claim against the Debtor and the Debtor wrongfully discharged him in violation of the Workers' Compensation Act of the State of Alabama.

Both Movants filed their Proofs of Claim in the Debtors' case, Mr. Ary for $250,000 compensatory damages and $1,500,000 punitive damages and Mr. McClain for $750,000 as compensatory and punitive damages. In due course the Debtor filed an Objection to both claims and sought a disallowance of both on the ground that both claims are clearly unliquidated and thus by virtue of § 502(c) cannot be allowed unless liquidated or estimated. This Court deferred ruling on the Debtors Objections pending resolution of the two motions under consideration. Both Movants agree the claims are unliquidated but contend that they are entitled to relief from the automatic stay in order to liquidate their claims in the state court in Alabama by completing their respective lawsuits.

As noted earlier, the Motions under consideration although seeking relief for "cause" pursuant § 362(d)(1) also indirectly rely on 28 U.S.C. § 1334 and state that "if this were a request made under 28 U.S.C. § 1334 there would be sufficient factors that would cause the Court to abstain." There is no indication in the Motion that the indirect request to abstain is based on either subclause (c)(1) (optional) or on subclause (c)(2) (mandatory abstention).

The Debtor in its Response to both Motions, in addition to some admissions and some denials, contends that both Movants, by filing their respective proofs of claim submitted to the jurisdiction of this court and the issues raised by the claims involve substantive bankruptcy issues, including but not limited to the allowance of punitive damages and, therefore, both Motions should be denied.

■ Counsel for the Movants urged at the oral argument on the Motions that this Court has no jurisdiction to consider the claims of the Movants because the wrongful termination claim is part and parcel of the Worker's Compensation Statute of the State of Alabama, citing *Twilley v. Daubert Coated Products*, 536 So.2d 1364 (Ala.1988). In this case, the Supreme Court of Alabama held that in a suit by an employee for wrongful termination, the employee is entitled trial by jury although the action may have arisen out of a worker's compensation setting. Relying on *Twilley, supra*, counsel by a quantum leap moves to the next case of *Kilpatrick v. Martin K. Eby Const. Co., Inc.*, 708 F.Supp. 1241 (N.D.Ala.1989) and contends that this Court is without jurisdiction. In *Kilpatrick*, the District Court held that civil actions based on Alabama worker's compensation laws brought in the state court cannot be removed to the district court and action for wrongful termination of employment arose out of state worker's compensation laws of the State.

■ The reliance by the Movants on the cases cited are based on an oversimplification of the issues raised by the Motions under consideration and completely overlooks the fact that both claims filed by the Movants are challenged and there is no question that the allowance or disallowance of claims filed in a case under Title 11 is uniquely and exclusively within the competence of the bankruptcy court where the case is pending and the fact that the claims under consideration are based on state law is of no consequence. 28 U.S.C. § 157(b)(3).

The matter is further complicated by the fact that the complaint filed by Mr. McClain really does not seek damages for wrongful termination but in Count I seeks compensation for his injuries under the Workers' Compensation Act of the State of Alabama and only in Count II asserts that he was discharged wrongfully because he made a workers' compensation claim. The complaint filed by Mr. Ary sets forth a claim in Count I for personal injuries but claiming damages under the Workers' Compensation Act of the State of Alabama but in Count II states that he received a settlement of his claim but because of his claim he was harassed and

intimidated thus causing psychic (sic) injury. It is impossible to tell from this Count whether or not this is a pure personal injury claim or a common law tort claim.

 The resolution of the presence of a valid "cause" would depend on the legal affect that both Movants filed a proof of claim in this case thus submitted to the jurisdiction of this Court and in turn waived their right to a jury for the simple reason that there is no authority to support the proposition that in a contested matter which deals with the allowability of a claim actually filed there is a right to trial by jury. While it is true that the right to a jury trial is kept in high esteem and the waiver of the right is not easily inferred, it is well established in the bankruptcy context that there is no right to trial by jury in a "core" matter even if the suit in question is commenced by the estate against a third party who filed a proof of claim against the Debtor. See *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In *Granfinanciera* the Supreme Court reiterated the principle announced in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) that if the party files a proof of claim in the bankruptcy court and the same issue arose as part of the process of allowance and disallowance of claims, it is triable in equity and there is no right to trial by jury. *Id.* Clearly the two claims which the Movants seek to assert form the very subject of their proof of claim filed in the Bankruptcy Court which is challenged by the Debtor and since there is no right to trial by jury in a claim allowing process it is evident that the Motion to Lift Automatic Stay to permit the Movants to complete their litigation in the state court with a jury is not permissible. The difficulty remains, however, because as noted earlier both proofs of claim are unliquidated and require either a liquidation or estimation before they can be allowed (See § 502(c) of the Code). The claimants are citizens of Alabama, all relevant events occurred in Alabama, the underlying legal rights asserted are based on the law of Alabama, the parent of the Debtor is a multi-state corporation and has legal counsel in Alabama. In fairness it appears that the best possible solution is to transfer the two objections to claims to the Bankruptcy Court in the Northern District of Alabama for the purpose of either liquidating the same or even possibly estimating the claims.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Lift Automatic Stay filed by Billy Ray Ary and Emmanuel McClain be, and the same hereby, are denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the contested matter involving the Debtor's objection to claim # 377 of Billy Ray Ary and claim # 379 of Emmanuel McClain be, and the same is hereby, transferred to the Northern District of Alabama for further proceedings in accordance with the foregoing.

DONE AND ORDERED.