**Mary Ann SUBRA, Plaintiff,**

v.

**CMS THERAPIES, INC., Defendant.**

Civ. A. No. 95–A–897–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 13, 1995.

Ernest C. Hornsby, Jr., Alexander City, AL, for plaintiff.

Barry V. Frederick, Jennifer F. Swain, Birmingham, AL, for defendant.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

#### *INTRODUCTION*

This cause is before the court on Plaintiff's Motion to Remand, filed on July 28, 1995.

Plaintiff, Mary Ann Subra, originally filed suit in the Circuit Court of Elmore County. Plaintiff's complaint contained just one count in which she alleges a violation of Alabama Code § 25–5–11.1 (1975), a subsection of the Alabama Workers' Compensation statute. That subsection gives a worker a cause of action for retaliatory discharge where her employment has been terminated because she filed for workers' compensation benefits.

On June 30, 1995, defendant, CMS Therapies, Inc., removed to this court pursuant to 28 U.S.C. § 1441, alleging jurisdiction was proper on two grounds. First, defendant alleged that jurisdiction was proper based on the existence of a federal question. Defendant argues that this action is preempted by the Employee Retirement Income Security

Act, 29 U.S.C. § 1001 *et seq.*, commonly known as ERISA. Alternatively, defendant alleges that this court has jurisdiction based on diversity of citizenship.

Plaintiff's Motion to Remand is based on 28 U.S.C. § 1445(c). That section prohibits removal of claims brought under a State's workers' compensation laws. The defendant contends that § 1445(c) does not apply to this plaintiff's claim.

 For the reasons set forth below, the court finds that the Plaintiff's Motion to Remand is due to be GRANTED. Because the court finds that § 1445(c) applies to this action, the court does not reach the issues of ERISA preemption or diversity of citizenship.[1]

### FACTS

According to the plaintiff, in May of 1992 she began working for the defendant CMS Therapies. Her complaint alleges that her job involved "a lot of lifting." Plaintiff alleges that in March of 1993, she developed soreness in her neck and back. She states that she saw two doctors and was diagnosed with a possible bulging or herniated disc. In May 1993, she underwent surgery and missed approximately three weeks of work. She returned to work following the surgery, but, according to the plaintiff, this procedure did not relieve her back problems. She therefore required further surgery in January 1993, after which she underwent rehabilitative therapy for several months. It appears from the complaint that the plaintiff was not able to return to work after her second surgery. In November 1994, plaintiff was discharged by CMS Therapies. At that time she was receiving workers' compensation. Plaintiff asserts that she was told that she was fired because her medical leave had extended past one year. Plaintiff specifically contends that the defendant's policy of terminating the employment of individuals who suffer on the job injuries and who cannot return to work within one year violates § 25–5–11.1.

### ANALYSIS

 It is axiomatic that, unlike state courts, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* — U.S. —, —, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). They therefore can only hear cases over which they have jurisdiction pursuant to the Federal Constitution or by express grant of Congress. *Kokkonen,* — U.S. at —, 114 S.Ct. at 1675. When a case is removed from state court, the burden is on the defendant to prove that federal jurisdiction exists. *Burns,* 31 F.3d at 1095. Further, as stated in *Burns,* "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

 In this case, the plaintiff asserts that a federal statute expressly prohibits this court from exercising jurisdiction. 28 U.S.C. § 1445(c). Section 1445(c) states as follows:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

This section was passed by Congress in order to relieve the burden on federal courts caused by the excessive removal of worker compensation cases. *Pettaway v. Wayne Poultry Co.,* 791 F.Supp. 290, 291 (M.D.Ala. 1992). Additionally, § 1446(c) was passed in recognition of the fact that actions brought pursuant to a State's workers' compensation statute do not implicate any federal issues. *Id.*

As stated above, Alabama Code § 25–5–11.1 (1975) provides a cause of action to a worker who is terminated for filing a workers' compensation claim. That section states:

No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely

---

1. "If § 1445(c) applies, a case is nonremovable even if it presents a federal question or there is diversity." *Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1245 (8th Cir.1995).

because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25–5–11.

In a previous decision, this court held that a claim brought pursuant to § 25–5–11.1 was nonremovable based on § 1445(c). *Pettaway,* 791 F.Supp. at 291. The defendant argues that this court should reverse its decision in *Pettaway* in light of the Seventh Circuit's decision in *Spearman v. Exxon Coal USA, Inc.,* 16 F.3d 722 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 377, 130 L.Ed.2d 328 (1994). In *Spearman,* the court held that a plaintiff's claim for retaliatory discharge for filing a workers' compensation claim was removable, despite § 1445(c). *Id.* at 725–26. However, as plaintiff notes, *Spearman* is distinguishable from the instant case. As recognized by the Seventh Circuit, the plaintiff's cause of action in *Spearman* was not expressly provided for in the Illinois workers' compensation laws. *Id.* at 725. Rather the plaintiff brought his tort claim under Illinois' common law. *Id.* Thus, there was no question that the cause of action did not specifically arise out of the Illinois workers' compensation statute.

As stated in *Pettaway,* § 25–5–11.1 is a subsection of Title 25 of the Alabama Code, covering "Industrial Relations." Chapter 5 of this Title, where the statute at issue is located, is entitled "Workers' Compensation." Not only is it located in the chapter of the Code dealing with workers' compensation, but it is also clearly a part of Alabama's statutory scheme for dealing with on the job injuries. Further, unlike Illinois, Alabama case law establishes that a claim for retaliatory discharge did not exist prior to the effective date of § 25–5–11.1. *Pettaway,* 791 F.Supp. at 291 (citing *Meeks v. Opp Cotton Mills,* 459 So.2d 814 (Ala.1984)); *see also Johnson v. Gary,* 443 So.2d 924, 926 (Ala. 1983). That such a claim did not exist is nowhere more evident than in Justice Embry's dissent in *Self v. Bennett,* 474 So.2d 673 (Ala.1985). In that case, the Supreme Court affirmed a lower court's decision presumably

denying a claim for retaliatory discharge "on authority of *Meeks v. Opp Cotton Mills ...*" and other cases. *Self,* 474 So.2d at 673. Justice Embry's dissent noted that several other states had "given workers a judicially created tort remedy for retaliatory discharge." *Id.* at 679. Justice Embry urged the Alabama court to do likewise stating, "I would recognize a cause of action for retaliatory discharge when a workman asserts the right to workmen's compensation benefits and would allow recovery of actual and punitive damages resulting therefrom." *Id.*

The Alabama court apparently did not create such a cause of action. However, the remedy was created by the legislature. Ala. Code § 25–5–11.1 (1975) (effective February 1, 1985). The Supreme Court, without discussion of previous decisions which declined to recognize a common law cause of action for retaliatory discharge, soon recognized that "Section 25–5–11.1 specifically proscribes the termination of an employee solely because the employee has sought Workmen's Compensation benefits ..." *Caraway v. Franklin Ferguson Manufacturing Co.,* 507 So.2d 925, 926 (Ala.1987).

■ Defendant has cited *Jackson County Hosp. v. Ala. Hosp. Ass'n Trust,* 619 So.2d 1369 (Ala.1993), for the proposition that claims for retaliatory discharge do not "arise under the worker's compensation" laws of Alabama. The court recognizes that the language used in the *Jackson County Hospital* decision is rather broad. *Id.* at 1370. However, that decision concerned whether a claim for retaliatory discharge was a "worker's compensation" claim for the purposes of general liability insurance coverage. *Id.* The issue in that case, then, was whether an action under § 25–5–11.1 should be characterized as a "tort claim" for the purposes of insurance coverage. *Id.* at 1370–71.[2] This court does not read *Jackson County Hospital* to extend to situations such as the instant case involving interpretation of a federal statute. In this context, "[t]hat *federal* law

---

**2.** On appeal following remand, the Court characterized its decision in *Jackson I* as follows, "The Court held that the wrongful termination claim did not arise under the workers' compensation law for purposes of a policy provision excluding

coverage for actions stemming from workers' compensation disputes." *Jackson County Hosp. v. Alabama Hosp. Ass'n Trust (Jackson II),* 652 So.2d 233, 234 (Ala.1994).

supplies the definition of 'workmen's compensation laws' is beyond doubt." *Spearman*, 16 F.3d at 724 (emphasis added).

The defendant also argues that plaintiff's claim does not arise under § 25–5–11.1 because the plaintiff alleges that she was discharged for not returning to work within one year, rather than solely for claiming workers' compensation benefits. Therefore, defendant argues, plaintiff has no claim under § 25–5–11.1, but rather her sole claim is an ERISA claim. If the defendant is correct, this simply means that the plaintiff will lose her case. She has chosen to limit herself to a claim based upon § 25–5–11.1, and will only prevail if she can prove her case as set forth in that statute.

The workers' compensation laws in Alabama created the claim for retaliatory discharge and codified the cause of action at § 25–5–11.1. Therefore, a claim brought under this section is clearly one that "aris[es] under the workmen's compensation laws" of Alabama. Accordingly, this case is nonremovable pursuant to 28 U.S.C. § 1445(c).[3]

## CONCLUSION

As set forth above, the court finds that the Plaintiff's Motion to Remand is due to be, and is hereby, GRANTED and it is ORDERED that this case is remanded to the Circuit Court of Elmore County, Alabama. The clerk is DIRECTED to take the steps necessary to effectuate the remand.

---

**3.** *See also Kilpatrick v. Martin K. Eby Const. Co., Inc.,* 708 F.Supp. 1241, 1243 (N.D.Ala.1989) (holding that a retaliatory discharge claim brought under § 25–5–11.1 was nonremovable pursuant to § 1445(c)).