### Robert Steven LACKEY, Plaintiff,

### v.

### GATEWAY HOMES, INC. and Champion Enterprises, Inc., Defendants.

### CV No. 96–HM–1688–J.

United States District Court,
N.D. Alabama,
Jasper Division.

Nov. 1, 1996.

Timothy Ray Wadsworth, Tim R. Wadsworth PC, Sulligent, AL, for Robert Steven Lackey.

Bennett L. Pugh, Glenn E. Ireland, Rives & Peterson, Birmingham, AL, for Gateway Homes, Inc., Champion Enterprises, Inc.

### MEMORANDUM OF DECISION

HALTOM, Senior District Judge.

This matter is before the Court on initial jurisdictional review and upon Plaintiff's Motion to Remand [filed July 31, 1996]. For the reasons which follow, this Court finds and holds that the above entitled civil action is due to be remanded to the Circuit Court of Marion County, Alabama.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 1996 Plaintiff filed his Complaint in the Circuit Court of Marion County, Alabama, against corporate Defendants Gateway Homes, Inc. ["Gateway"] and Champion Enterprises, Inc. ["Champion"] claiming that Defendants had violated the Alabama Workers' Compensation Act ["Workers' Compensation"], Ala.Code § 25–5–11.1 (1975), by terminating him from employment in retaliation for his filing a claim seeking to recover benefits under Workers' Compensation [hereinafter referred to as "retaliatory discharge claim"]. Plaintiff demanded judgment against Defendants for compensatory and punitive damages in an unspecified amount to

be determined by a jury. Defendants Gateway and Champion were served with copies of the Complaint by the Sheriff of Marion County on June 19, 1996.[1]

On June 28, 1996 both Defendants jointly and timely filed a Notice of Removal asserting that this Court has jurisdiction of the above entitled civil action pursuant to 28 U.S.C. §§ 1332 [diversity of citizenship and amount in controversy], 1441 and 1446 (1993). On July 31, 1996 Plaintiff filed his Motion to Remand maintaining that this Court did not have subject matter jurisdiction over the above entitled civil action.

## DISCUSSION

■ Plaintiff makes a claim of retaliatory discharge under Ala.Code § 25–5–11.1 (1975) that Defendants have allegedly terminated him due to his filing a Workers' Compensation claim. Ala.Code Section 25–5–11.1 (1975) provides:

No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits *under this chapter* or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of subsection 25–5–11 (emphasis added).

■ A defendant's right to remove a case from state to federal court is one of purely statutory origin that must be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). State workers' compensation claims are expressly made nonremovable by 28 U.S.C. § 1445(c) which provides:

A civil action in any State court *arising under* the workers' compensation laws of such State may not be removed to any district court of the United States. (emphasis added)

This Court notes that 28 U.S.C. § 1367(a) in its entirety provides:

Except as provided in subsections (b) and (c) or as *expressly provided otherwise*

by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties (emphasis added).

Defendants in this civil action appear to have *totally ignored* the plain language of 28 U.S.C. § 1367(a) that some actions *are barred from removal* to federal district court if "expressly provided by Federal Statute." 28 U.S.C. § 1445 [entitled "Nonremovable Actions"] lists actions that are *expressly nonremovable*—workers' compensation claim actions [§ 1445(c) ] are among those listed as nonremovable.

Furthermore, this Court has previously held that the words "under this chapter" as used in the retaliatory discharge provision of Ala.Code Section 25–5–11.1 (1975) plainly refer to Chapter 5 [entitled "Worker's Compensation"], §§ 25–5–1 through 25–5–318, under Title 25 of the Alabama Code and thus, retaliatory discharge claims are barred from removal to federal district court. *Kilpatrick v. Martin K. Eby Construction Co.*, 708 F.Supp. 1241, 1244 (N.D.Ala.1989). Prior to the enactment of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), federal district courts in other jurisdictions have similarly held that a cause of action asserting retaliatory discharge for filing a claim under a workers' compensation act "arises under" the workers' compensation act and is barred from removal to federal district court. *Alexander v. Westinghouse Hittman Nuclear, Inc.*, 612 F.Supp. 1118 (N.D.Ill.1985); *Roberts v. Citicorp Diner's Club, Inc.*, 597 F.Supp. 311, 311–15 (D.C.Md.1984); *Thomas v. Kroger*, 583 F.Supp. 1031 (S.D.W.Va.1984).

This Court is not persuaded that the supplemental jurisdiction statute of 28 U.S.C. § 1367(a) has *amended* 28 U.S.C. § 1445(c)

---

1. Information regarding service on Defendants was obtained telephonically by this Court from the Office of the Clerk of the Circuit Court of Marion County, Alabama.

which *expressly provides* that actions "arising under" workers' compensation actions are nonremovable. In fact, a search by this Court shows that the majority of federal district court cases deciding actions which commenced after December 1, 1990 [the effective date of 28 U.S.C. § 1367] have continued to hold that retaliatory discharge cases "arise under" the workers' compensation laws and are thus nonremovable.

Although this Court has been unable to locate an Eleventh Circuit case regarding the nonremovability of a retaliatory discharge case, the Court takes special notice of the widely cited Fifth Circuit case of *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091–92 (5th Cir.1991). Although the Fifth Circuit was deciding a case which was commenced prior to the effective date of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), *Roadway Express* has been followed by the majority of federal district courts since the enactment of that statute.[2] These district courts have interpreted *Roadway Express* as holding, similar to this Court's ruling in *Kilpatrick*, that retaliatory discharge cases "arise under the workmen's compensation laws" and are therefore nonremovable to federal district court. *Thompson v. Cort Furniture Rental Corp.*, 797 F.Supp. 618, 622 (W.D.Tenn.1992); *Campos v. Housland, Inc.*, 824 F.Supp. 100, 101 (S.D.Texas, 1993); *Keyser v. Kroger*, 800 F.Supp. 476, 477 (N.D.Texas, 1992); *Husk v. E.I. Du Pont De Nemours and Co.*, 842 F.Supp. 895, 896–97 (S.D.W.Va. 1994); (cases collected and cited in *Bearden v. PNS Stores, Inc.*, 894 F.Supp. 1418, 1420 (D.Nev.1995)).

This Court observes that in *Roadway Express*, the Fifth Circuit held that the plaintiff's retaliatory discharge claim arose under the Texas workers' compensation laws for purposes of applying § 1445(c) where the claim was based upon statutory authority even though the controlling statute for retaliatory discharge was not within the workers' compensation statute. *Roadway Express*, 931 F.2d at 1091–92. The instant case differs from *Roadway Express* inasmuch as Plaintiff Robert Steven Lackey's retaliatory discharge claim arises under a specific provision *within* the Alabama workers' compensation laws and not *outside* the workers' compensation statutory scheme. Relying on *Roadway Express*, however, the Eighth Circuit recently held in an interpretation of Missouri workers' compensation statutes that where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action therein, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies. Under such circumstances, the action is non-removable, subject only to the complete preemption doctrine. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245–46 (8th Cir.1995). In accordance with *Roadway Express* and *Humphrey*, this Court finds the instant action to be non-removable.

This Court is keenly aware that there is a difference of opinion among the federal district judges in the United States District Court for the Northern District of Alabama regarding the removability of retaliatory discharge claims under Workers' Compensation. Since the effective date of 28 U.S.C. § 1367(a), four decisions have been issued determining that retaliatory discharge claims are removable to federal district court pursuant to 28 U.S.C. § 1445(c). *Moreland v. Gold Kist, Inc.*, 908 F.Supp. 898 (N.D.Ala. 1995), (Propst, J.); *Traylor v. Lee Brass Co.*, CV 95–H–2639–E (N.D.Ala., Dec. 28, 1995) (Hancock, J.); *Gilmer v. Browning*, CV 95–P–2009–S (N.D.Ala., Sept. 27, 1995) (Pointer, J.); *Hall v. Patriot Homes, Inc.*, CV 94–B–

---

2. This Court is familiar with the recent Seventh Circuit case of *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724 (7th Cir.1994) which holds that a retaliatory discharge claim did not "arise under" the workers' compensation laws of Illinois. The *Spearman* majority interpreted and expanded the U.S. Supreme Court's holding in *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) as controlling retaliatory discharge claims that are unrelated to collective bargaining agreements. This Court is not in agreement with the Seventh Circuit's reasoning in *Spearman*. Instead, this Court is persuaded by Circuit Judge I. Rovner's strong dissent in *Spearman* which notes that the majority of federal district courts, including those in Illinois, continue to remand retaliatory discharge claims to state courts. *Spearman* at 727–28 (Rovner, J., dissenting).

2380–J (N.D.Ala., Sept. 20, 1995) (Blackburn, J.).

However, at least four decisions issued in the Northern District of Alabama have followed this Court's holding in *Kilpatrick: Alexander v. Goodyear Tire & Rubber Co.,* CV 94–AR–2259–M, 1994 WL 910722 (N.D.Ala., Dec. 21, 1994) (Acker, J.); *Weldon v. Weyerhaeuser Co.,* CV 94–HM–1772–J (N.D.Ala., Nov. 10, 1994) (Haltom, J.); *Wiggonton v. Keystone Foods,* CV 93–N–1865–M (N.D.Ala., Nov. 1, 1993) (Nelson, J.); and *Grey v. Lozier Corp.,* CV 91–N–1118–NE (N.D.Ala., July 9, 1991) (Nelson, J.). Furthermore, this Court notes that at least four decisions in the United States District Court for the Middle and for the Southern Districts of Alabama have determined that retaliatory discharges claims are nonremovable to federal court under 28 U.S.C. § 1445(c). *Savage v. The Merchants Co.,* CV 96–T–079–N, 1996 WL 755696 (M.D.Ala., Feb. 21, 1996) (Thompson, J.); *New v. Sports & Recreation, Inc.,* CV 95–P–0930–M, 1996 U.S. Dist. LEXIS 7100, (S.D.Ala., May 13, 1996) (Pittman, J.); *Subra v. CMS Therapies, Inc.,* 900 F.Supp. 407, 411 (M.D.Ala.1995) (Albritton, J.); and *Pettaway v. Wayne Poultry Co.,* 791 F.Supp. 290, 291 (M.D.Ala.1992) (Albritton, J.).

■ Clearly, it was Congress' intent by enacting 28 U.S.C. § 1445(c): [1] to stem the flood of workers' compensation act cases being removed to federal court, *Pettaway,* 791 F.Supp. at 291; and [2] to restrict workers' compensation act cases to state court because they involve purely local disputes implicating no federal concerns. *Kilpatrick,* 708 F.Supp. at 1244. Furthermore, the purpose of Ala. Code Section 25–5–11.1 is to protect claimants under the Workers' Compensation Act and thus, this provision is an integral component of the legislatively created workmen's compensation scheme. This Court agrees with the United States District Court, Northern District of Alabama cases of *Wiggonton, Grey* and *Alexander* and with the Fifth Circuit case of *Roadway Express* that the words "arising under" in 28 U.S.C. § 1445(c) are to be construed under federal law and that un-der the principles of federalism a construction against removability is required. Moreover, federal law determines the removability of any action, unfettered by local law definition or characterization of the subject matter. *Shamrock Oil,* 313 U.S. at 104, 61 S.Ct. at 870. And this Court agrees with *Wiggonton v. Keystone Foods,* CV 93–N–1865–M (N.D.Ala., Nov. 1, 1993) (Nelson, J.) that the Supreme Court of Alabama's decision in *Jackson County Hosp. v. Alabama Hosp. Association Trust,* 619 So.2d 1369 (Ala.1993) is not dispositive of this federal issue.

Accordingly, this Court finds and determines that the claim of retaliatory discharge under Ala.Code § 25–5–11.1 in the instant case "arises under" the Alabama Workers' Compensation Act and is *non-removable* to this federal district court pursuant to 28 U.S.C. § 1445(c). Therefore, the above-entitled civil action must be remanded to the Circuit Court of Marion County, Alabama. An appropriate order will be entered in the above-entitled civil action contemporaneously with the entry of this Memorandum of Decision and consistent with the views herein expressed.[3]

### ORDER

In conformity with Memorandum of Decision this day entered in the above entitled civil action, it is

ORDERED and ADJUDGED that the MOTION TO REMAND in the above entitled civil action is hereby GRANTED and that the above entitled civil action is hereby REMANDED to the Circuit Court of Marion County, Alabama, from whence it was removed because of this Court's lack of subject matter jurisdiction.

The Clerk of this Court is DIRECTED to mail a certified copy of this Order of Remand, together with certified copies of any and all pleading documents filed in this Court subsequent to the filing of the Notice of Removal, to the Clerk of the Circuit Court of Marion County, Alabama. The Court expressly declines to require the removing par-

---

3. The legal research on the issue here addressed and decided has been conducted by Senior Law Clerk Sara Creed who is now in her fifth year as a valuable member of the staff of this HM Senior United States District Judge.

ty to pay Plaintiff's just costs and actual expenses, including attorneys fee, incurred as a result of including attorneys fees, incurred as a result of this removal. 28 U.S.C. § 1447(c).