**Ellen MORELAND, Plaintiff,**

v.

**GOLD KIST, INC., et al., Defendants.**

**No. CV 95–PT–2587–S.**

United States District Court,
N.D. Alabama,
Southern Division.

Dec. 20, 1995.

James M. Patton, Rodden Hayes & Carter, P.C., Birmingham, AL, for plaintiff.

Mac B. Greaves, Sadler Sullivan Sharp Fishburne & Van Tassel, P.C., Birmingham, AL, for defendants.

**MEMORANDUM OPINION**

PROPST, District Judge.

This cause comes on to be heard on Plaintiff's Motion To Remand filed on November 13, 1995. Plaintiff's motion is premised on 28 U.S.C. § 1445(c) which states: "A civil action in State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."[1]

Plaintiff's claim is that she was the victim of a retaliatory discharge as forbidden by § 25–5–11.1, Code of Alabama. That section provides:

> No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25–5–11.

Plaintiff argues that her retaliation claim is brought pursuant to that section and cites *Subra v. CMS Therapies, Inc.*, 900 F.Supp. 407 (M.D.Ala.1995), where the court stated:

> As stated in *Pettaway* [*v. Wayne Poultry Company*, 791 F.Supp. 290 (M.D.Ala.

---

**1.** Such laws are interchangeably referred to as "workman," "workman's," "workmen," "workmen's," "workmens'," "worker's" and "workers'" compensation laws.

1992) ], § 25–5–11.1 is a subsection of Title 25 of the Alabama Code, covering "Industrial Relations." Chapter 5 of this Title, where the statute at issue is located, is entitled "Workers' Compensation." Not only is it located in the chapter of the Code dealing with workers' compensation, but it is also clearly a part of Alabama's statutory scheme for dealing with on the job injuries. Further, unlike Illinois, Alabama case law establishes that a claim for retaliatory discharge did not exist prior to the effective date of § 25–5–11.1.

In *Jackson County Hospital v. Alabama Hospital Association Trust,* 619 So.2d 1369, 1370–71 (Ala.1993), the court stated:

The Hospital argues that a claim under § 25–5–11.1 is a traditional tort claim, not a claim under our Workers' Compensation Act, and is thus included under the insurance agreement. This Court has recognized that § 25–5–11.1 was created to "prevent an employee's termination 'solely because the employee [had] instituted or maintained [an] action against the employer to recover worker's compensation benefits.'" *Twilley v. Daubert Coated Prods., Inc.,* 536 So.2d 1364, 1367 (Ala.1988). This Court has not, however, previously determined that a § 25–5–11.1 claim for retaliatory discharge "arises under" the Workers' Compensation Act to the extent that it ceases to be characterized as a "tort claim" in the traditional sense of that term.

In distinguishing a Minnesota case, the court stated,

The Minnesota statute thus intertwines damages relating to traditional workers' compensation benefits with the claims of "discharging or threatening to discharge" an employee seeking worker's compensation benefits.

The court added:

By contrast, the Alabama statute has no special provisions tying the claim to damages relating to workers' compensation benefits; on the contrary, a plaintiff who brings a claim under § 25–5–11.1 can be awarded damages under the general law of torts.

and,

The award of such damages could entail proof of damage or harm and would entail jury trials, which are nonexistent in traditional workers' compensation actions and which are not contemplated by the Minnesota workers' compensation law. Based on the differences between the Alabama statute and the Minnesota statute, we find the holding of *Wojciak [v. Northern Package Corporation,* 310 N.W.2d 675 (Minn.1981) ] not persuasive here.

Further, the court stated,

We note that claims that do "arise under" workers' compensation laws are generally for occupational diseases and accidental injuries resulting from one's employment. The § 25–5–11.1 action for retaliatory discharge operates to protect an employee who files a traditional worker's compensation claim but, in so doing, does not itself become a "worker's compensation" action. We therefore hold that the retaliatory discharge claim is in the nature of a traditional tort, albeit one that is applied in the specialized circumstances of a worker's compensation claim, and thus does not arise "under" our workers' compensation law for purposes of the general liability insurance provision in this case.

After considering *Jackson County,* the *Subra* court summarily stated,

Defendant has cited *Jackson County Hospital v. Ala. Hosp. Ass'n Trust,* 619 So.2d 1369 (Ala.1993), for the proposition that claims for retaliatory discharge do not "arise under the worker's compensation" laws of Alabama. The court recognizes that the language used in the *Jackson County Hospital* decision is *rather broad. Id.* at 1370. However, that decision concerned whether a claim for retaliatory discharge was a "worker's compensation" claim for the purposes of general liability insurance coverage. *Id.* The issue in that case, then, was whether an action under § 25–5–11.1 should be characterized as a "tort claim" for the purposes of insurance coverage. *Id.* At 1370–71. This court does not read Jackson County Hospital to

extend to situations such as the instant case involving interpretation of a federal statute. In this context, "[t]hat federal law supplies the definition of 'workmen's compensation laws' is beyond doubt." *Spearman* [*v. Exxon Coal USA, Inc.*], 16 F.3d [722] at 724 [ (7th Cir.1994) ] (emphasis added).

This court does not agree with the holding in *Subra*.[2] The quoted language in *Jackson County* not only states why the retaliation claim is a tort claim which does not arise under the Alabama workers' compensation laws, it also suggests reasons why, even under federal law, the claim does not arise "under the workmen's compensation laws of such State...." 28 U.S.C. § 1445(c).[3] These suggestions include the following:

(1) Alabama law does not tie "the claim to damages relating to workers' compensation benefits."

(2) "[A] plaintiff who brings [such a claim] can be awarded damages under the general law of torts."

(3) The Alabama court notes that "claims that do 'arise under' worker's compensation laws are generally for occupational diseases and accidental injuries resulting from one's employment."[4]

All these reasons are applicable to any consideration of whether a § 25–5–11.1 claim arises under workmen's compensation laws for the purpose of considering the issue of

removal under federal law. The *Spearman* case cited in *Subra* relies on *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612 (1972) where the court stated "Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts." Here, Congress in 28 U.S.C. § 1445(c) has referred to claims arising "under the workmen's compensation laws of such State." Who better to determine whether a claim so arises than the Supreme Court of the "State?" The federal statute does not say "related" to such laws, but "arising under" such laws.

*Spearman, supra,* held as this court is holding.[5] This court is of the opinion that the fact that the Illinois claim was not based on a statute, but under common law, is a distinction without a difference. ("But whether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is 'one arising under the workers' compensation laws' for the purpose of section 1445(c).") *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir.1991). To the extent that *Jones* is otherwise inconsistent with this court's holding, the court declines to follow it. Since *Jones* decided that diversity jurisdiction had not been estab-

---

**2.** This court fully realizes that the issue could be decided either way and that the differences among the various courts are based as much on personal philosophy toward removal as on law.

**3.** The issue is whether it arises under the workmen's compensation laws of the "State;" here, Alabama.

**4.** In Senate Report No. 1830, July 11, 1958 which, addresses removal of workmen's compensation cases, it is stated:

Nearly all of the State statutes on workmen's compensation provide summary proceedings for the expeditious and inexpensive settlement of claims by injured workmen against the employer. The procedure provided in such State statutes is not, as a rule, applicable to procedure in Federal courts.

Congress itself has recognized the inadvisability of permitting removal of cases arising under its own laws which are similar to the work-

men's compensation acts of the States. In the Jones Act, the Fair Labor Standards Act, and the Railway Employers' Liability Act, all of which are in the nature of workmen's compensation cases, the Congress has given the workman the option of filing his case in either the State court or the Federal court.

While some of the reasoning in the Report is arguably applicable to retaliation cases, there is no specific reference to retaliation cases and it appears clear that the reference is to workmens' compensation benefits type cases.

**5.** *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir.1994).

lished, its holding otherwise may be dicta. Tort law is tort law.

*Spearman* states, "A fault based regime with common law damages is not a 'workmen's compensation law' no matter what the state calls it." *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir.1994). Further, the court noted that, "What is more, Illinois does not believe that the *Kelsay* [*v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978)] tort is a workers' compensation law." *Id.*, at 725. Further, "A claim of retaliatory discharge may be adjudicated without any inquiry into the meaning of the workers' compensation laws; the question for decision usually is the employer's motive for adverse action rather than the entitlement to compensation for injury on the job." *Id.*, at 725. See *Spearman* for further reasons which support this court's holding.

The motion will be denied.[6]

---

**6.** This court's holding is consistent with that of Judge Pointer of this court in *Gilmer v. BFI*, CV 95–P–2009–S (Sept. 27, 1995) and that of Judge Blackburn of this court in *Gunn v. Fisher of Ala.*, CV 93–B–1847–S (March 24, 1994).