Jeanette E. NEW, Plaintiff,

v.

SPORTS & RECREATION,
INC., Defendant.

Civil Action No. 95–0939–P–M.

United States District Court,
S.D. Alabama,
Southern Division.

May 13, 1996.

Mark L. Redditt, John L. Moore, IV, Mobile, AL, for plaintiff.

Barry V. Frederick, Birmingham, AL, for defendant.

## ORDER

PITTMAN, Senior District Judge.

This case is before the court on plaintiff's motion to remand (tab 4), defendant's response (tab 9), and plaintiff's reply (tab 10).

Plaintiff Jeanette E. New originally filed suit in the Circuit Court of Mobile County. Her complaint contained three counts. In Count I, plaintiff alleged that her former employer, defendant Sports & Recreation denied her workers' compensation benefits for an on-the-job injury she suffered. In Count II, plaintiff alleged retaliatory discharge against the same defendant. In Count III, plaintiff alleged that fictitious parties A, B, and C denied her certain benefits. The fictitious parties are due to be struck from the case while it is in this court—under both the federal rules and plaintiff's own request (plaintiff's reply, tab 10, p. 1). Therefore, Count III will not be considered by this court.

Defendant Sports & Recreation, Inc. ("defendant") removed to this court on November 22, 1995, basing removal on diversity and ERISA preemption. Plaintiff then filed a motion to remand, in which she states that 28 U.S.C. § 1445(c) bars removal of this case. Defendant argues that the retaliatory discharge claim (Count II) 1) does not arise under workers' compensation law for purposes of section 1445(c), 2) is preempted by ERISA, and 3) is removable under diversity.[1]

■ For the reasons stated below, plaintiff's motion is due to be GRANTED. Because the court finds that 28 U.S.C. § 1445(c) applies to plaintiff's claims, the court does

---

1. Defendant also argues that ERISA preempts Count III, and Counts I and II can be removed under 28 U.S.C. § 1441(c). However, this argument is no longer valid because, as discussed above, Count III will not be considered by this court.

not reach the issues of diversity or ERISA preemption.[2]

## FACTS

According to plaintiff, she was working for defendant on May 26, 1995 as a Department Manager when she was injured. She alleges she suffered injury to her left knee, left hip, and back. She states that she is permanently disabled, will require vocational rehabilitation, and has lost earning capacity. She says her average weekly earnings at the time of injury were approximately $278.00. Plaintiff alleges defendant has failed to pay all disability benefits and/or necessary medical expenses, and should be charged ten percent for not making timely installments of compensation. She is suing under the Alabama Workers' Compensation Act ("the Act"), Ala. Code § 25-5-1, *et seq.* (1975).

Plaintiff alleges further that on September 7, 1995, she was terminated from her employment after she instituted an action against defendant to recover workers' compensation benefits. Plaintiff alleges defendant terminated her solely because she claimed rights under the Act, and that this violated the retaliatory discharge section of the Act, Ala.Code § 25-5-11.1 (1975). She claims she has suffered emotional distress, has lost wages and employee benefits, and her employment record has been tarnished.

## DISCUSSION

The issue before the court is whether 28 U.S.C. § 1445(c) bars removal of this case. The statute reads in relevant part:

A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

Since Count I of plaintiff's state court complaint is an action by an employee against her employer for workers' compensation benefits under the Alabama Workers' Compensation Act, it is clear that Count I is a "civil action in [a] State court arising under the workmen's compensation laws of such State," and therefore may not be removed to this district court under section 1445(c). Defendant concedes as much (defendant's response, tab 9, p. 16).

Count II of plaintiff's state court claim is based on section 25-5-11.1 of the Alabama Code, which reads:

No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter. . . .

This court must decide whether an action for retaliatory discharge brought under this section "arises under" Alabama's Workers' Compensation Act, Ala.Code § 25-5-1, *et seq.,* for purposes of section 1445(c). The Eleventh Circuit has not addressed this, and although several district courts within Alabama have, they have differed in their conclusions.[3]

Unlike state courts, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). When a case is removed from state court, the burden is on the party who removed the action to prove the federal court has jurisdiction. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). Therefore, even though it is the plaintiff's motion before the court, defendant has the burden of proving that section 1445(c) does not bar removal. *See Subra v. CMS Therapies, Inc.,* 900 F.Supp. 407, 409 (M.D.Ala.1995).

---

**2.** Even if diversity jurisdiction exists, if 28 U.S.C. § 1445(c) applies, the case cannot be removed to federal court. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 352, 81 S.Ct. 1570, 1572-73, 6 L.Ed.2d 890 (1961). The same is true of federal question jurisdiction. *See Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1245 (8th Cir.1995). The only retaliatory discharge case cited by defendant regarding ERISA preemption did not discuss section 1445(c). *See Burks v. Amerada Hess Corp.,* 8 F.3d 301 (5th Cir.1993).

**3.** *Compare Subra v. CMS Therapies, Inc.,* 900 F.Supp. 407 (M.D.Ala.1995); *Pettaway v. Wayne Poultry Co.,* 791 F.Supp. 290 (M.D.Ala.1992), and *Kilpatrick v. Martin K. Eby Constr. Co.,* 708 F.Supp. 1241 (N.D.Ala.1989) (all holding the claim to be nonremovable under section 1445(c)) *with Moreland v. Gold Kist, Inc.,* 908 F.Supp. 898 (N.D.Ala.1995) and *Gunn v. Fisher,* No. CV 93-B-1847-S, 1994 WL 875925 (N.D.Ala. Mar. 24, 1994) (both holding claim is not barred from removal by section 1445(c)).

■ Defendant makes three arguments for why plaintiff's motion to remand should be denied: 1) This court's holding should be consistent with the Alabama Supreme Court's holding that retaliatory discharge claims do not arise under workers' compensation law; 2) this court should follow the Seventh Circuit's holding that retaliatory discharge claims do not arise under Illinois workers' compensation law, and the cases in federal courts in Alabama that hold otherwise should not apply to this case; and 3) this court should have jurisdiction because federal law, not state law, applies to the claim. However, for the reasons stated below, this court concludes that it does not have jurisdiction over plaintiff's claims.

### 1. Jackson County Hospital

In a case about insurance coverage, the Supreme Court of Alabama held that a retaliatory discharge claim under section 25–5–11.1 does not arise under the Alabama Workers' Compensation Act ("the Act"). *Jackson County Hosp. v. Alabama Hosp. Ass'n Trust,* 619 So.2d 1369 (Ala.1993). Plaintiff argues the holding in that case should not apply because the case arose in a different context. Defendant contends that despite the different context, *Jackson County Hospital* should control because the question in that case was the same as in this case: Does a retaliatory discharge claim arise under the Act?

Jackson County Hospital was sued by a former employee for retaliatory discharge under section 25–5–11.1 for filing a workers' compensation claim. The hospital's insurer, Alabama Hospital Association Trust, refused to defend the hospital, arguing that its policy did not cover workers' compensation claims. The hospital disagreed, arguing that retaliatory discharge was a separate tort, not a claim arising under the Act. The court agreed with the hospital, reasoning that a retaliatory discharge claim is a separate tort because it involves general tort law damages. *See generally id.* at 1370–71. The court stated further:

> We note that claims that do "arise under" workers' compensation laws are generally for occupational diseases and accidental injuries resulting from one's employment.

The § 25–5–11.1 action for retaliatory discharge operates to protect an employee who files a traditional workers' compensation claim but, in so doing, does not itself become a "workers' compensation" action. We therefore hold that the retaliatory discharge claim is in the nature of a traditional tort, albeit one that is applied in the specialized circumstances of a workers' compensation claim, and thus does not arise "under" our workers' compensation law *for purposes of the general liability insurance provision in this case.*

*Id.* at 1371 (emphasis added).

■ Questions of removal are determined by federal law, *Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1092 (5th Cir.1991), and therefore, *Jackson County Hospital* is not binding on this court. Nevertheless, as Judge Propst of the Northern District of Alabama stated: "Who better to determine whether a claim arises [under the Act] than the Supreme Court of [Alabama]?" *Moreland v. Gold Kist, Inc.,* 908 F.Supp. 898, 900 (N.D.Ala.1995).

Defendant argues it would be inconsistent with *Jackson County Hospital* for this court to hold that a section 25–5–11.1 claim does arise under the Act for purposes of jurisdiction. However, Judge Albritton of the Middle District of Alabama made just such a holding in a similar case. He stated:

> The issue in [*Jackson County Hospital*] was whether an action under § 25–5–11.1 should be characterized as a "tort claim" for the purposes of insurance coverage. This court does not read [that case] to extend to situations such as the instant case involving interpretation of [section 1445(c) ].

*Subra v. CMS Therapies, Inc.,* 900 F.Supp. 407, 410 (M.D.Ala.1995).

In contrast, Judge Propst found in *Moreland* that *Subra* was decided incorrectly, and extended *Jackson County Hospital* to a case that involved the exact same question as *Subra* and this case. Judge Propst stated that the factors considered by the Alabama Supreme Court in determining the coverage question are also applicable to a jurisdictional question. These considerations are that: 1)

Alabama does not limit damages recoverable in a retaliatory discharge claim, as it does in workers' compensation claims; and 2) generally, workers' compensation claims are in the nature of occupational diseases and accidental injuries. However, Judge Propst admitted in *Moreland* that this issue "could be decided either way and that the differences among various courts are based as much on personal philosophy toward removal as on law." 908 F.Supp. at 900 n. 2.

Having studied *Jackson County Hospital* and the federal district court cases in Alabama that have addressed the issue before this court, this court finds that the Alabama Supreme Court's holding should not extend to the instant question of jurisdiction. The two factors Judge Propst and the Alabama Supreme Court identified do not apply here. First, the context of policy coverage questions is entirely different than the context of jurisdictional questions. In the former, the court construes any ambiguity in the policy against the drafter and in favor of coverage, *see, e.g., Blackburn v. Fidelity and Deposit Co.,* 667 So.2d 661, 669 (Ala.1995); in the latter, the court favors remand. *Burns,* 31 F.3d at 1095. Second, whether liability is limited or unlimited under a retaliatory discharge claim is a crucial consideration within the policy coverage context. An employer often will have a separate workers' compensation insurer and general liability insurer, or at least separate policies, and whether liability is limited or unlimited often will determine who pays the claim. In *Jackson County Hospital,* the court weighed heavily the fact that retaliatory discharge involves unlimited liability, and hence, found the claim was covered under general liability. Liability coverage is not a consideration in the instant case. Third, the fact that this is not an occupational disease or accidental injury case does not matter for jurisdictional purposes. Therefore, the factors considered in *Moreland* and *Jackson County Hospital* do not apply.

Unlike the court in *Jackson County Hospital,* this court faces a jurisdictional question,

so the only consideration involved is whether this court has been granted jurisdiction of the case. The main issue here is whether section 1445(c) bars removal of plaintiff's retaliatory discharge claim, given that section 1445(c) provides that this court does not have jurisdiction of any claim arising under the Act. To answer this question, this court reviews the purpose of section 1445(c). The section was enacted as part of an effort to remedy the congestion in federal courts resulting from the diversity removal of state law cases.[4] *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 351, 81 S.Ct. 1570, 1572, 6 L.Ed.2d 890 (1961).

Defendant argues that because the claim of retaliatory discharge did not exist at the time section 1445(c) was enacted, that section's original purpose does not apply to such a claim. However, the claim is derived from the claim for benefits under section 25-5-1, *et seq.* Section 25-5-11.1 was added to Chapter 5 in order to safeguard the state's compensation scheme, so that workers would not fear retaliation for exercising their rights to receive benefits. *Pettaway v. Wayne Poultry Co.,* 791 F.Supp. 290, 291 (M.D.Ala. 1992) (purpose was to prohibit dismissal for exercising rights); *cf. Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1092 (5th Cir. 1991).

Moreover, it can easily be concluded that the language in section 1445(c) was intended to bar removal not only of claims under the sections of a state's workers' compensation act dealing with benefits, but also claims under the sections of the act that were created to facilitate the state compensation scheme. In other words, section 1445(c) was meant to bar removal of the whole realm of cases relating to workers' compensation. Other courts, when faced with the same quandary as before this court, have also shown concern about adhering to section 1445(c)'s purpose, and have tried to "stem the flood," *Pettaway,* 791 F.Supp. at 291, of cases that "have little real business in a federal court." *Kay v. Home Indemnity Co.,*

---

4. Congress also raised the required amount in controversy from $3,000 to $10,000, and provided that for purposes of diversity, a corporation would be deemed to be a citizen of both its state

of incorporation and its principal place of business. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 351, 81 S.Ct. 1570, 1572, 6 L.Ed.2d 890 (1961) (citing legislative history).

337 F.2d 898, 901 (5th Cir.1964). *See also Kilpatrick v. Martin K. Eby Constr. Co.*, 708 F.Supp. 1241, 1244 (N.D.Ala.1989) (noting the concern for "limiting the flow of these essentially local disputes into federal courts.").

Consistent with the purpose of section 1445(c), the Fifth Circuit has interpreted and continues to interpret the section broadly, following the "arising under" standard employed under 28 U.S.C. § 1331, which controls federal question jurisdiction. *Jones*, 931 F.2d at 1092 (Under section 1331, a suit arises under the law that creates the cause of action.); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787 (5th Cir.1996). In *Jones*, the Fifth Circuit addressed the question before this court—whether section 1445(c) bars removal of a retaliatory discharge claim. In applying the section 1331 "arising under" standard, the court found that because the action for retaliatory discharge was created to further the goals of the state's workers' compensation system, the claim for retaliatory discharge was created by, and therefore, "arose under" the state's workers' compensation act. *Jones*, 931 F.2d at 1092.

For the foregoing reasons, this court does not find persuasive defendant's argument that this court's holding should be consistent with the *Jackson County Hospital* court's conclusion that retaliatory discharge claims do not arise under workers' compensation law. Rather, this court concludes that the purpose of section 1445(c) is better served by barring removal of plaintiff's retaliatory discharge claim, and follows the Fifth Circuit's *Jones* decision.

*2. Spearman v. Exxon Coal Co.*

Defendant argues this court should follow the Seventh Circuit's holding in *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 377, 130 L.Ed.2d 328 (1994), that retaliatory discharge claims do not arise under Illinois workers' compensation law, and the federal courts in Alabama that hold otherwise should not apply to this case. In *Spearman*, the Seventh Circuit found that a claim for retaliatory discharge did not arise under the Illinois workers' compensation law because,

among other things, it was "a fault-based regime with common law damages," *id.* at 725, unlike workers' compensation law's no-fault, limited liability system, and permitted removal. Just as *Moreland* relied on the Alabama Supreme Court's holding in *Jackson County Hospital* that retaliatory discharge is a separate tort, the Seventh Circuit relied on an Illinois Supreme Court case, *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978). The Seventh Circuit then listed several reasons for concluding that for purposes of removal, retaliatory discharge should be treated as separate from workers' compensation law. Defendant argues these reasons apply to the instant case, but this court disagrees.

In *Spearman*, the court was trying to ascertain whether a common law claim for retaliatory discharge, rather than, as in this case, a statutory retaliatory discharge claim, should be considered as "arising under" the state's workers' compensation law. The court was at liberty to analyze whether such a claim was sufficiently similar to workers' compensation claims so as to be treated as part of the statute. In contrast, in Alabama, retaliatory discharge was established as part of the Act; it was not recognized at common law before enactment. *See Pettaway*, 791 F.Supp. at 291; *Meeks v. Opp Cotton Mills, Inc.*, 459 So.2d 814 (Ala.1984).

However, the physical placement of section 25–5–11.1 alone does not mean necessarily that it "arises under" workers' compensation law. *Jones*, 931 F.2d at 1092 ("[W]hether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one 'arising under the workers' compensation laws' for the purpose of section 1445(c)."). But, unlike the claim at issue in *Spearman*, the claim for retaliatory discharge in Alabama actually refers to the Workers' Compensation Act with the language, "because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits *under this chapter.*" Ala.Code § 25–5–11.1 (emphasis added). Thus, the section was not placed within Chapter 5 merely by chance.

Furthermore, this court need not strain to find distinctions between a claim under one part of the Act and a claim under another part of the Act because in this circuit it is established that there is no reason to "strain to find a way to entertain workmen's compensation suits. To the contrary, everything suggests the opposite." *Kay v. Home Indemnity Co.*, 337 F.2d 898, 901 (5th Cir. 1964).

Moreover, when the Fifth Circuit faced the same type of question as in *Spearman,* whether a common law claim related to workers' compensation law should be considered as "arising under" the state's workers' compensation act, the Fifth Circuit held that the claim *did not* arise under the state's act. *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787 (5th Cir.1996). In *Patin,* the claim that was removed was different than in this case, but the issue of whether it was barred from removal under section 1445(c) was the same. The claim was one for breach of duty of good faith and fair dealing in denial of a claim for workers' compensation benefits. The court held that the claim did not arise under the state's workers' compensation act, but the court based its decision, in part, on the fact that the good faith claim was created by common law, not by the state's compensation act. *Id.* at 787. The court specifically distinguished the good faith claim from the retaliatory discharge claim at issue in *Jones* because the claim in *Patin* was created by common law, not by the state's workers' compensation statute.

This court agrees with the Fifth Circuit's distinction between claims created by common law and those created by the state's workers' compensation statute, and thus does not follow the Seventh Circuit's *Spearman* decision as defendant urges.

### 3. Federal Law or State Law Applicable?

Defendant argues in two separate ways that plaintiff's claim for retaliatory discharge should not be remanded because federal law predominates. However, as explained above, this court has concluded that section 1445(c) applies, barring removal, and finds no authority for the proposition that section 1445(c) is inapplicable just because federal law predominates.

First, defendant argues that retaliatory discharge does not involve workers' compensation law; in other words, a court does not look to Chapter 5 to determine liability, but rather to common law concepts, and sometimes to federal employment discrimination law. Second, defendant argues that section 25–5–11.1 requires the application of federal legal principles such as the Title VII shifting proof burdens. Plaintiff, citing *Subra,* contends that no federal laws are implicated in this workers' compensation case.

This court finds that even if there are federal issues implicated in this claim for retaliatory discharge, as defendant claims, but are doubtfully present here, this would not affect whether section 1445(c) applies to the claim. This is because although the *Subra* and *Pettaway* courts mentioned the fact that no federal laws were implicated, this was only one factor in those decisions.

### CONCLUSION

Inasmuch as the Eleventh Circuit has not ruled on the issue at hand, this court follows the lead of the Fifth Circuit in *Jones* in interpreting section 1445(c) broadly.[5] For this reason and the other reasons stated above, this court finds that pursuant to 28 U.S.C. § 1445(c), this case should be remanded because it was improperly removed. Plaintiff's motion to remand is therefore due to be GRANTED, and it is ORDERED that this case be REMANDED to the Circuit Court of Mobile County for further proceedings.

---

**5.** This court agrees with the observation of Judge Propst in *Moreland:* "Who better to determine whether a claim arises [under the Act] than the Supreme Court of [Alabama]?" 908 F.Supp. at 900. However, this court's conclusion differs from that in *Moreland* because of this court's application of section 1445(c).