**Faye CASHMAN, Plaintiff,**

v.

**WAFFLE HOUSE CO., INC., et al., Defendants.**

**Civil Action No. 96–A–1187–E.**

United States District Court, M.D. Alabama, Eastern Division.

Jan. 15, 1997.

Timothy L. Dillard, Lawrence T. King, Birmingham, AL, for plaintiff.

Alex L. Holtsford, H.E. Nix, Philip R. Collins, Montgomery, AL, for defendants.

### *MEMORANDUM OPINION AND ORDER*

ALBRITTON, District Judge.

This case is pending on the Plaintiff's Motion to Remand. For the reasons that follow, the court finds that the motion is due to be granted.

On January 17, 1995, the Plaintiff ("Cashman") filed a workmen's compensation suit against the Defendant, Waffle House, Inc. ("Waffle House") in the Circuit Court of Chambers County, Alabama. On September 5, 1995, Cashman filed an Amended Complaint adding claims against Waffle House based on the tort of outrageous conduct and the tort of retaliatory discharge under *Alabama Code*, § 25–5–11.1, and demanding a trial by jury as to these new tort claims. On December 20, 1995, the Defendant filed a Motion to Bifurcate, asking the court to separate the trial of the tort claims which would be tried before a jury from the workmen's compensation bench trial. On July 5, 1996, the Circuit Court of Chambers County entered an order severing the workmen's compensation case from the tort actions and

ordering that a separate file number be assigned to the tort action and a separate filing fee be paid. The case was removed to this court on July 26, 1996.[1]

The ground of removal was diversity of citizenship. It is agreed that the Plaintiff is a resident of Alabama, the Defendant is a non-resident, and the amount in controversy exceeds $50,000. Therefore, diversity is established.

The court finds that this case is due to be remanded to state court because the removal was untimely. A case may be properly removed only when removed within 30 days of receipt of the initial pleading or within 30 days after receipt of a paper from which removability can first be ascertained. 28 U.S.C. § 1446(b). The workmen's compensation suit was filed on January 17, 1995, the tort claims were added on September 5, 1995, and the case was not removed until July 26, 1996. The Defendant argues that the case first became removable when the Circuit Court severed the tort claims from the workmen's compensation claim in July, 1996, less than 30 days before removal. The court does not agree.

Under the Defendant's theory, the severance order of the state court in July, 1996, created a separate case containing a claim for retaliatory discharge and a claim for outrageous conduct. Waffle House argues first, that since there is diversity of citizenship, both claims can be removed, and second, that if the retaliatory discharge is considered to be non-removable, the court can exercise supplemental jurisdiction over it along with the properly removed claim for outrageous conduct.

28 U.S.C. § 1445(c) provides that:

A civil action in any state court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States.

This court has consistently held that a claim for retaliatory discharge brought pursuant to *Alabama Code*, § 25–5–11.1, is a claim "arising under the workmen's compensation laws"

and, therefore, non-removable based on § 1445(c). *See, e.g., Pettaway v. Wayne Poultry Co.*, 791 F.Supp. 290, 291 (M.D.Ala. 1992); *Subra v. CMS Therapies, Inc.*, 900 F.Supp. 407, 409, 410 (M.D.Ala.1995). A number of other courts have agreed. While the court is aware that some other district judges in this state have taken an opposing view, and that the Eleventh Circuit has not decided the issue, the court finds no reason to change its position in this case. Retaliatory discharge claims are a creature of statute in Alabama; they did not exist in this state prior to the passage of § 25–5–11.1. That statute is a part of the chapter of the *Alabama Code* dealing with workmen's compensation and is a part of Alabama's statutory scheme for dealing with on-the-job injuries. Therefore, this suit now before the court contains one non-removable claim and one claim that would otherwise be removable.

It is not necessary for the court to consider whether a case containing both a non-removable claim and a removable claim may be removed, since in any event removal of the removable claim was untimely. That is true for a simple reason. If the severed case as it existed in July, 1996, could be removed because it included a removable claim, i.e., the claim for outrageous conduct, then the case was equally removable on September 5, 1995, when the complaint was amended to add the retaliatory discharge and outrageous conduct claims to the workmen's compensation claim. The retaliatory discharge claim is just as non-removable as the workmen's compensation claim. Nothing about the order of severance changed the fact that a removable claim was contained in the same complaint as a non-removable claim. That situation had existed since September 5, 1995. Under Defendant's theory of removability of the case, the case was removable at that time and should have been removed within 30 days. The fact that the Plaintiff would have been entitled to a jury on two of the claims and not on one is irrelevant to the issue of removability. This court deals fre-

---

1. The case was actually removed by a Co–Defendant, O'Steen Adjusting Services, Inc., with consent of Waffle House. O'Steen Adjusting Services, Inc. has now been dismissed from this case, and matters involving that Defendant are not relevant to the issue presently before the court. The court will treat the case as having been removed by Waffle House.

quently with cases involving both jury and non-jury issues. Therefore, if this case were removable at all, it would have become so on September 5, 1995, when the complaint was first amended. Since the Notice of Removal was filed more than 30 days after that, the removal is untimely, and the case is due to be remanded.

### ORDER

For the reasons stated, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Remand is GRANTED.

2. This case is REMANDED to the Circuit Court of Chambers County, Alabama.

3. The Clerk is DIRECTED to take appropriate steps to effect the remand.