**John Perry GRANT, Plaintiff,**

v.

**DAVEY TREE EXPERT COMPANY, INC., Defendant.**

**No. CIV. A. 98–0483–BH–S.**

United States District Court,
S.D. Alabama,
Southern Division.

June 22, 1998.

Max Cassady, Evergreen, AL, for Plaintiff.

Walter T. Gilmer, Jr., Bradley S. Copenhaver, McDowell Knight Roedder & Sledge, L.L.C., Mobile, AL, for Defendant.

### ORDER

HAND, Senior District Judge.

This action is before the Court on plaintiff's motion to remand (Doc. 5) and motion for attorney's fees (Doc. 7). This action was removed from the Circuit Court of Monroe County, Alabama on May 7, 1998, a removal predicated on the assertion that diversity jurisdiction existed pursuant to 28 U.S.C. §§ 1332 and 1441. It is conceded that this action seeks recovery "only under the Alabama's retaliatory discharge statute, Ala. Code § 25–5–11.1." Defendant's Brief in Opposition at 1. Despite the fact that Ala.Code § 25–5–11.1 is a section of Alabama's worker's compensation laws, defendant contends that "it falls outside the restriction contained in 28 U.S.C. § 1445(c)." *Id.* at 2. Section 1445(c) of the federal removal statutes clearly states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added).

In support of its position, defendant relies on *Moreland v. Gold Kist, Inc.,* 908 F.Supp. 898 (N.D.Ala.1995); *Gilmer v. BFI,* CV–95–P–2009–S (N.D.1995); and *Traylor v. Lee Brass Co.,* CV–95–H–2639–E (N.D.Ala.1995). Each of these decisions is predicated either directly or indirectly on a particular interpretation and application of *Jackson County Hosp. v. Alabama Hosp. Assoc. Trust,* 619 So.2d 1369 (Ala.1993), with which this Court is unable to agree. As the Court has previously pointed out, the *Jackson County Hospital* case was a "duty to defend" insurance

case in which the Alabama Supreme Court held only that "the retaliatory discharge claim ... does not arise 'under' our workers' compensation laws for purposes of the general liability insurance provision [at issue] in this case." 619 So.2d at 1371 (emphasis added). Although Judge Propst specifically rejected this distinction in *Moreland,* this Court agrees with Judge Albritton's analysis in *Subra v. CMS Therapies, Inc.,* 900 F.Supp. 407, 410–11 (M.D.Ala.1995):

> The court recognizes that the language used in the *Jackson County Hospital* decision is rather broad. [619 So.2d] at 1370. However, that decision concerned whether a claim for retaliatory discharge was a "worker's compensation" claim for the purposes of general liability insurance coverage. Id. The issue in that case, then, was whether an action under § 25-5-11.1 should be characterized as a "tort claim" for purposes of the insurance coverage. Id. at 1370–71. (Footnote omitted). This court does not read *Jackson County Hospital* to extend to situations such as the instant case involving interpretation of a federal statute. In this context, "[t]hat federal law supplies the definition of 'workmen's compensation laws' is beyond doubt." *Spearman [v. Exxon Coal USA, Inc.]* 16 F.3d [722] at 724 [7th Cir.1994, *cert. denied,* 513 U.S. 955, 115 S.Ct. 377, 130 L.Ed.2d 328 (1994).]

In addition, Judge Albritton recognized that the Seventh Circuit's position in *Spearman,* NAMELY that a retaliatory discharge for filing a workers' compensation claim was removable despite 28 U.S.C. § 1445(c), is also distinguishable from a retaliatory discharge claim under § 25-5-11.1 because "the plaintiff's cause of action in *Spearman* was not expressly provided for in the Illinois workers' compensation laws." *Subra,* 900 F.Supp. at 410, *citing, Spearman,* 16 F.3d at 725. Unlike Alabama, "Illinois did not add an anti-retaliation component to its [workers' compensation] statutes until 1975, see 820 ILCS 305/4(h), and even then it omitted any private remedy." *Spearman,* 16 F.3d at 724. Consequently, the Illinois Supreme Court itself created a "remedy in tort for retaliatory discharge" and called its rule an "indepen-

dent tort action" in *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 182 and 184, 23 Ill.Dec. 559, 563 and 564, 384 N.E.2d 353, 357 and 358 (1978)(emphasis added). *But see, Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1091–92 and n. 3 (5th Cir.1991)(rejecting federal district court opinions in which it was held that, because a retaliatory discharge action was judicially and not statutorily created, it was not a part of the workers' compensation laws and thus removable and holding, in lieu thereof: "whether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one "arising under the workers' compensation laws" for purposes of section 1445(c).").

The Seventh Circuit's discussion in *Spearman* concerning the distinctions between a no-fault worker's compensation for injury scheme of law and a fault-based tort compensation regime with common law damages is interesting but, in this Court's opinion, misses the mark. The United States Congress did not restrict the language in 28 U.S.C. § 1445(c) to no-fault schemes or otherwise indicate that it intended this prohibition against removal of "[a] civil action in any State court arising under the workmen's compensation laws of such state" (emphasis added) not to be applied to any fault-based claims authorized under such State laws. This Court should not and will not read less into § 1445(c) than has been expressly stated by Congress. As Judge Blackburn reasoned in *Lewis v. Rhodes, Inc.,* 968 F.Supp. 633 (N.D.Ala.1997) [1]:

> [A] civil action "arises under" the workers' compensation laws if the workers' compensation laws create the cause of action, or if the vindication of the claim necessarily turns on the construction of the state's workers' compensation laws. Because the court is of the opinion that Alabama's workers' compensation laws create the claim for retaliatory discharge under Alabama Code § 25-5-11.1, the court need not discuss whether plaintiff's claim turns

---

1. In *Lewis,* Judge Blackburn expressly reversed his prior opinion in *Gunn v. Fisher of Alabama,* No. CV 93—B-1847-S, 1994 WL 875925 (N.D.Ala.1994)(Blackburn, J.).

on construction of Alabama's workers' compensation laws.

\* \* \* \* \* \*

[T]he appropriate inquiry is whether § 25–5–11.1 could exist in the absence of a general workers' compensation scheme. The answer to this question is beyond dispute: A claim for retaliatory discharge for maintaining a workers' compensation benefits. Clearly, if Alabama did not have laws that allow workers to obtain benefits for their on-the-job injuries, there could be no law allowing them to bring suit when fired for exercising their right to seek compensation for their injuries. Thus, because § 25–5–11.1 would not exist without a general workers' compensation scheme, the court concludes that Alabama's workers' compensation laws create a cause of action for retaliatory discharge.

968 F.Supp. at 636. As the Fifth Circuit reiterated from binding precedent in this Circuit, § 1445(c) "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition." *Jones*, 931 F.2d at 1091, *quoting, Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir.1964). The Fifth Circuit also declared that, "[b]ecause Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose . . . [;] 'a suit arises under the law that creates the cause of action' [and][w]hen we apply this definition to an article 8307c [retaliatory discharge] lawsuit, we are satisfied that such a suit arises under the workers' compensation laws of Texas within the meaning of section 1445(c)." *Jones*, 931 F.2d at 1092 (citations omitted). *See also, Farrior v. Sodexho, U.S.A.*, 953 F.Supp. 1301 (N.D.Ala. 1997)(Guin, J.)(holding that a retaliatory discharge claim under Ala.Code § 25–5–11.1 "arises under" Alabama's workers' compensation laws and recognizing that "Section 13 of Act No. 85–41 further states: 'The provisions of this act are expressly declared not to be severable.' "); *Priest v. Sealift Servs. Int'l, Inc.*, 953 F.Supp. 363 (N.D.Ala.1997)(Acker, J.)(same as *Farrior*); *Lackey v. Gateway Homes, Inc.*, 944 F.Supp.

870)(Haltom, J.)(same as *Farrior*); *Roberts v. Beaulieu of Am., Inc.*, 950 F.Supp. 1509 (N.D.Ala.1996)(Smith, J.)(same as *Farrior*); and *Wiggonton v. Keystone Foods*, No. CV–93–N–1865–M, 1993 WL 840293 (N.D.Ala.1993)(Nelson, J.)(same as *Farrior*).

This Court adopts the predominant opinion that the retaliatory discharge claim at issue in this litigation and brought pursuant to Ala.Code 25–5–11.1 is not removable because it arises under the workers' compensation laws of Alabama and § 1445(c) bars such removal. The Court rejects the contrary opinions set forth in *Moreland, Gilmer* and *Traylor*. Consequently, it is ORDERED that plaintiff's motion to remand (Doc. 5) and motion for attorney's fees (Doc. 7) be and are hereby GRANTED. The Clerk is directed to take such steps as are necessary to remand this action to the Circuit Court of Monroe County, Alabama, from whence it was improvidently removed. The plaintiff shall, on or before July 6, 1998, submit in writing his claim for attorney's fees with appropriate documentation. The defendant shall pay such claim immediately upon receipt unless, on or before July 16, 1998, a written objection supported by just cause is filed concerning plaintiff's itemized charges.

It is so ORDERED.