**Willie Bank BROOKS, Plaintiff,**

v.

**WIRELESS ONE, INC., Defendant.**

No. Civ.A. 98–D–1232–S.

United States District Court,
M.D. Alabama,
Southern Division.

Jan. 26, 1999.

John E. Byrd, Dothan, AL, for Plaintiff.

Carter H. Dukes, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion to Remand ("Mot."), filed on November 13, 1998, wherein Plaintiff alleges a violation of 28 U.S.C. § 1445(c), which prohibits the removal to federal district court of a state civil court action "arising under" the workers' compensation laws of such state. *See* 28 U.S.C. § 1445(c). Defendant filed a Submission in Opposition to Motion to Remand, which the court construes as a Response ("Response"), on December 1, 1998. After a thorough review of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion to Remand is due to be granted.

### FACTUAL BACKGROUND

On or about October 13, 1996, Plaintiff was injured while working within the line and scope of his employment with Defendant. (Pl.'s Compl. ¶ 1; Def.'s Answer ¶ 1.) Plaintiff filed a claim for workers' compensation benefits for the injuries he sustained, Defendant acknowledged notice of the injuries, and medical benefits were paid under the workers' compensation laws of the State of Alabama. (Pl.'s Compl. ¶ 2; Def.'s Answer ¶ 2.) In November of 1996, Plaintiff returned to work at an hourly wage that had been reduced by $2.00 per hour and continued to work with reduced pay until August 18, 1998, on which date Plaintiff was terminated. (Pl.'s Compl. ¶ 3; Def.'s Answer ¶ 3.)

Plaintiff filed a retaliatory discharge lawsuit against Defendant in the Circuit Court of Houston County, Alabama, on September 30, 1998. Plaintiff alleges that Defendant violated Ala.Code § 25–5–11.1 (1975), which states, in relevant part, that "[n]o employee shall be terminated by an employer solely because the employee has

instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter." Ala. Code § 25–5–11.1 (1975). On October 30, 1998, Defendant invoked this court's jurisdiction by removing the case to this court based upon diversity of citizenship and requisite amount in controversy. *See* 28 U.S.C. §§ 1332 and 1441. Thereafter, Plaintiff filed his Motion to Remand, which is the subject of this Memorandum Opinion and Order.

## DISCUSSION

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state to federal court. *Id.*

▮▮ It is well-settled that the defendant, as the party removing an action to federal court, has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.,* 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (DeMent, J.). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer,* 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)); *see also*

*Shamrock Oil,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; *Diaz,* 85 F.3d at 1505; *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983); *Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala.1992).

▮ In his Motion, Plaintiff claims that this court lacks subject matter jurisdiction over this case because of the express prohibition set forth in a federal statute, 28 U.S.C. § 1445(c). (Mot. 57 3.) Section 1445(c) states: "A civil action in any State court *arising under* the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added).[1] In support of his Motion, Plaintiff claims that his civil action "*arises under* the worker's [sic] compensation laws of the State of Alabama codified as Alabama Code, 1975, § 25–5–1, *et seq.,* and more specifically § 25–5–11.1 under this act which provides for a cause of action such as the cause of action filed in this case for retaliatory discharge." (Mot. ¶ 1 (emphasis added).) Therefore, Plaintiff contends that the court must remand this case to the Circuit Court of Houston County for adjudication.

In its Response, Defendant disputes that Plaintiff's retaliatory discharge claim arises under the workers' compensation laws of the State of Alabama and argues that this court properly exercises jurisdiction. (Def.'s Resp. ¶¶ 5–6.) Defendant contends that the Alabama Supreme Court has addressed and settled the issue of whether a retaliatory discharge claim brought pursuant to Ala.Code § 25–5–11.1 arises under the workers' compensation laws of the State of Alabama in *Jackson County Hospital v. Alabama Hospital Association Trust,* 619 So.2d 1369 (Ala.1993). (Def.'s Resp. ¶¶ 9–10.) Specifically, Defendant contends that "the state's highest court has previously ruled on the nature of a retaliatory discharge action" (Def.'s Resp. ¶ 9) when it held that causes of action brought pursuant to Ala.Code § 25–

1. Plaintiff does not contest Defendant's assertions of diversity of the Parties and requisite amount in controversy as set forth in its Notice of Removal.

5–11.1 do not arise under the workers' compensation laws of the State of Alabama. *See Jackson,* 619 So.2d at 1371. In *Jackson,* the Alabama Supreme Court stated that a "retaliatory discharge claim is in the nature of a traditional tort, albeit one that is applied in the specialized circumstances of a worker's compensation claim, and thus does not arise 'under' our workers' compensation law for purposes of the general liability insurance provision in this case." *Id.* Based on this holding by the Alabama Supreme Court, Defendant argues that Plaintiff's claim brought pursuant to Ala.Code § 25–5–11.1 does not arise under the workers' compensation laws of the State of Alabama and, therefore, that this case has been properly removed to this court. (Def.'s Resp. ¶¶ 9–10.)

Thus, the issue before the court on Plaintiff's Motion to Remand is whether a retaliatory discharge claim brought pursuant to § 25–5–11.1 of the Code of Alabama arises under the workers' compensation laws of the State of Alabama.[2] The court finds that such a claim does arise under Alabama's workers' compensation laws and, therefore, that this court lacks subject matter jurisdiction over Plaintiff's claim.

At the outset, the court notes a significant trend among the federal district judges in the Middle and Southern Districts of Alabama, who consistently find that retaliatory discharge claims brought pursuant to Ala.Code § 25–5–11.1 arise under the workers' compensation laws of the State of Alabama.[3] These federal district judges of the Middle and Southern Districts, along with a majority of judges of the Northern District,[4] follow this trend based upon 28 U.S.C. § 1445(c), which precludes the removal to federal district court of such retaliatory discharge claims. *See* 28 U.S.C. § 1445(c). In so following, these federal district judges find the scope of the holding of the Alabama Supreme Court in *Jackson* to be limited to the facts of that case. *See, e.g., Subra,* 900 F.Supp. 407; *Grant,* 8 F.Supp.2d 1328. Specifically, the *Jackson* court held that a retaliatory discharge claim "does not arise 'under' our workers' compensation law *for purposes of the general liability insurance provision in this case.*" *Jackson,* 619 So.2d at 1371 (emphasis added).

In *Subra,* the court identified the *Jackson* holding as relevant for the limited purpose of analyzing whether a retaliatory discharge claim was a workers' compensa-

---

2. The Eleventh Circuit Court of Appeals has not yet had occasion to decide this issue.

3. For examples of district judges from the Southern and Middle Districts who find that a claim for retaliatory discharge brought pursuant to Ala.Code § 25–5–11.1 arises under Alabama's workers' compensation laws and therefore may not be removed, *see Grant v. Davey Tree Expert Co.,* 8 F.Supp.2d 1328 (S.D.Ala.1998) (Hand, J.); *Cashman v. Waffle House Co.,* 951 F.Supp. 1012 (M.D.Ala.1997) (Albritton, J.); *Webster v. Dow United Techs. Composite Prods., Inc.,* 925 F.Supp. 727 (M.D.Ala.1996) (Albritton, J.); *New v. Sports & Recreation, Inc.,* 947 F.Supp. 453 (S.D.Ala. 1996) (Pittman, J.); *Subra v. CMS Therapies, Inc.,* 900 F.Supp. 407 (M.D.Ala.1995) (Albritton, J.); *Mize v. Amercraft Corp.,* 874 F.Supp. 356 (M.D.Ala.1994) (DeMent, J.); *Pettaway v. Wayne Poultry Co.,* 791 F.Supp. 290 (M.D.Ala. 1992) (Albritton, J.).

4. For examples of district judges from the Northern District who find that a claim for

retaliatory discharge brought pursuant to Ala. Code § 25–5–11.1 arises under Alabama's workers' compensation laws and therefore may not be removed, *see Lewis v. Rhodes, Inc.,* 968 F.Supp. 633 (N.D.Ala.1997) (Blackburn, J.) (reversing contrary finding on this issue as set forth in *Gunn v. Fisher of Ala.,* No. Civ.A.93–B–1847–S, 1994 WL 875925, at *1 (N.D.Ala. Mar. 24, 1994) (Blackburn, J.)); *Farrior v. Sodexho, U.S.A.,* 953 F.Supp. 1301 (N.D.Ala.1997) (Guin, J.); *Lackey v. Gateway Homes, Inc.,* 944 F.Supp. 870 (N.D.Ala.1996) (Haltom, J.); *Roberts v. Beaulieu of Am., Inc.,* 950 F.Supp. 1509 (N.D.Ala.1996) (Smith, J.); *Alexander v. Goodyear Tire & Rubber Co.,* No. CIV.A.94–AR–2259–M, 1994 WL 910722, at *1 (N.D.Ala. Dec. 21, 1994) (Acker, J.); *Weldon v. Weyerhaeuser Co.,* No. CIV.A.94–HM–1722–J, 1994 WL 910951, at *4–6 (N.D.Ala. Nov. 8, 1994) (Haltom, J.); *Wiggonton v. Keystone Foods,* No. CIV.A.93–N–1865–M, 1993 WL 840293, at *1 (N.D.Ala. Nov. 1, 1993) (Nelson, J.); *Kilpatrick v. Martin K. Eby Constr. Co.,* 708 F.Supp. 1241 (N.D.Ala.1989) (Haltom, J.).

tion claim for the purposes of general liability insurance coverage. *See Subra*, 900 F.Supp. at 410–11. The court found that:

> [T]he language used in the *Jackson County Hospital* decision is rather broad. [619 So.2d] at 1370. However, that decision concerned whether a claim for retaliatory discharge was a 'worker's compensation' claim for the purposes of general liability insurance coverage. *Id.* The issue in that case, then, was whether an action under § 25–5–11.1 should be characterized as a 'tort claim' for the purposes of insurance coverage. *Id.* at 1370–71 (footnote omitted). This court does not read *Jackson County Hospital* to extend to situations such as the instant case involving interpretation of a federal statute.

*Id.* Likewise, in *Grant*, the court, in finding that a retaliatory discharge claim brought pursuant to Ala.Code § 25–5–11.1 arises under the workers' compensation laws of the State of Alabama, also noted that *Jackson* was a "duty to defend" insurance case, in which the decision of the Alabama Supreme Court was rendered for the limited purpose of interpreting the general liability insurance provision at issue in that case. *See Grant*, 8 F.Supp.2d at 1328–29.

Unlike the complete harmony among the federal district judges in the Middle and Southern Districts, the court notes a fading split in opinion among the federal district judges in the Northern District regarding the issue of whether a retaliatory discharge claim brought pursuant to Ala. Code § 25–5–11.1 arises under the workers' compensation laws of the State of Alabama.[5] Specifically, this court notes that the difference in opinion among the federal district judges of the Northern District is not as pronounced as it was three or more years ago.

First, the decisions finding that a retaliatory discharge claim brought pursuant to Ala.Code § 25–5–11.1 arises under the workers' compensation laws of the State of Alabama are more recent, two having been entered in 1997, *see Lewis*, 968 F.Supp. 633; *Farrior*, 953 F.Supp. 1301, and two having been entered in 1996, *see Lackey*, 944 F.Supp. 870; *Roberts*, 950 F.Supp. 1509. The most recent decision finding that such claims do not arise under the workers' compensation laws was entered in 1995. *See Moreland*, 908 F.Supp. 898. Thus, the judges of the Northern District who have entered decisions in 1996 and 1997 remanding such cases to state court have considered yet declined to follow the findings of those judges who entered opinions in 1995 and before. Second, the trend in the Northern District is to remand such cases. Specifically, six judges in the Northern District have found that such claims arise under the workers' compensation laws, whereas only three judges have found that such claims do not arise under such laws. Third, the district judge in *Moreland* states that he could just as easily have decided that case to find that a retaliatory discharge claim arises under the workers' compensation laws, stating that "[t]his court fully realizes that the issue could be decided either way and that the differences among the various courts are based as much on personal philosophy toward removal as on law." *Id.* at 900 n. 2. Accordingly, this court finds that while a split may have once existed, the trend in the Northern District is to find that a retaliatory discharge claim brought pursuant to Ala.Code § 25–5–11.1 arises under

---

**5.** *See, supra,* n. 4 for examples of district judges from the Northern District who find that a claim for retaliatory discharge brought pursuant to Ala.Code § 25–5–11.1 arises under Alabama's workers' compensation laws and therefore may not be removed.

For examples of district judges from the Northern District who interpret *Jackson*, 619 So.2d at 1370–71, as holding that a claim for retaliatory discharge brought pursuant to Ala.

Code § 25–5–11.1 does not arise under Alabama's workers' compensation laws and who apply said holding to find that such retaliatory discharge cases are not barred from removal, *see Moreland v. Gold Kist, Inc.*, 908 F.Supp. 898 (N.D.Ala.1995) (Propst, J.); *Traylor v. Lee Brass Co.*, CV 95–H–2639–E (N.D.Ala. Dec. 28, 1995) (Hancock, J.); *Gilmer v. Browning*, 95–P–2009–S (N.D.Ala. Sept. 27, 1995) (Pointer, J.).

the workers' compensation laws of the State of Alabama.

Thus, this court finds that the overwhelming trend of the federal district judges in Alabama is to find that retaliatory discharge claims brought pursuant to Ala.Code § 25–5–11.1 arise under Alabama's workers' compensation laws. This court further finds that this trend is predicated upon sound reasoning. First, § 25–5–11.1 is located in Title 25 of the Code of Alabama, entitled "Industrial Relations and Labor," and is part of Chapter 5, entitled "Workmen's Compensation." *See* Ala.Code § 25–5–11.1. Specifically, "[r]etaliatory discharge claims are a creature of statute in Alabama; they did not exist in this state prior to the passage of § 25–5–11.1." *Cashman*, 951 F.Supp. at 1013. Second, in finding Plaintiff's claim non-removable, the purposes behind the enactment of 28 U.S.C. § 1445(c) are upheld because § 1445(c) was passed by Congress to: (1) "relieve the burden on federal courts caused by the excessive removal of worker [sic] compensation cases," *Subra*, 900 F.Supp. at 409 (citing *Pettaway*, 791 F.Supp. at 290); and (2) "restrict these [workers' compensation] cases to state court because they involved purely local disputes implicating no federal concerns." *Pettaway*, 791 F.Supp. at 291 (citing *Kilpatrick*, 708 F.Supp. at 1244); *see also Subra*, 900 F.Supp. at 409.

Based on the foregoing, the court finds that Plaintiff's retaliatory discharge claim brought pursuant to Ala.Code § 25–5–11.1 arises under the workers' compensation laws of the State of Alabama. Therefore, pursuant to 28 U.S.C. § 1445(c), the court finds that Plaintiff's Motion to Remand is due to be granted.

### ORDER

Accordingly, it is CONSIDERED and ORDERED that Plaintiff's Motion to Remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Houston County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is DIRECTED to take all steps necessary to effectuate said remand.